[No. 17929.   Department One.   July 3, 1923.]

R. D. LESLIE *et al., Respondents,* v. WILLIAM LESLIE
*et al., Appellants.*[1]

APPEAL (456)—HARMLESS ERROR—WITHDRAWAL OF IMPROPER EVI-
DENCE.  The admission of a self-serving declaration, apparently made
in the presence of appellants, will not be held reversible error,
where the court on objection stated that the jury will not heed it if
appellants did not hear it, and they later testified that they did not
hear it.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered November 23, 1922,
upon the verdict of a jury rendered in favor of the
plaintiffs, in an action for work and labor, after a trial
on the merits.  Affirmed.

*A. G. Laffin,* for appellants.

*B. F. Jacobs,* for respondents.

HOLCOMB, J.—In this action between brothers and
their wives upon three causes of action for work and
labor performed by respondents for appellants, in a
trial to the court and jury, the jury rendered a verdict
in favor of respondents for the sum of $1,542.43, which,
on motion for a new trial by appellants, was reduced
$125, to the sum of $1,417.43.

The issues were sharply drawn, and the evidence
upon many of the questions in controversy in sharp
conflict, and were resolved upon the conflicting evi-
dence, by the jury, in favor of the respondents.

The instructions of the trial court in submitting the
cause to the jury were not excepted to in any particu-
lar, and all the questions involved on this appeal turn
wholly upon questions of fact decided by the jury,
except one group.

[1]Reported in 216 Pac. 841.

The first assignment of error is that the trial court erred in admitting, over the objections of appellants, the testimony of one Ferguson, a witness for respondents, as to a conversation which witness had with respondent R. D. Leslie, not in the presence or hearing of either of the appellants, in which conversation witness asked respondent R. D. Leslie, "What do you get for the job?" to which question respondent answered, "I am getting fifty cents an hour."

The second claim of error is upon the court's refusal to strike the statement of the witness as to the above conversation; and the third and fourth claims of error are upon the court's refusal to grant appellants a new trial by reason of the foregoing errors, and denying appellants' motion for a new trial.

The answer to the question asked of the witness Ferguson, if not in the presence of one of the appellants, would be incompetent as constituting but a self-serving declaration. But when the entire setting is obtained from the record, a different aspect is placed upon the apparent error. It appears from the record in the case that the witness Ferguson and the three Leslie brothers were on a Ford truck, hauling a piano from one part of the Leslie ranch to another house on the same ranch, appellants being on the front seat, one of them driving, and the piano, the witness Ferguson, and the respondent R. D. Leslie, in the back part of the truck behind the driver's seat, when the conversation took place. In answer to a question, Ferguson testified that he asked "Bob" (R. D. Leslie), "Are you getting paid overtime?" Counsel for appellants objected. "The Court: That would not be proper unless they heard it." The witness then answered that they were on the same truck when he asked, "are you getting paid overtime, and Bob said 'No, there is no over-

time'." Witness then asked, "Well what do you get for the job?" Counsel for appellants again objected. Witness answered that respondent "said he was getting fifty cents an hour; that the four of us were all on the truck." Witness could not say whether they (appellants) heard. It was not witness's business He would not swear that William Leslie and J. B. Leslie heard the statement. Counsel for appellants then moved to strike the statement of the witness on the ground that it was not shown that the defendants heard it, or could have heard it, whereupon the court ruled: "The whole matter is before the jury. If they did not hear, the jury will give no heed to it. Exception allowed."

William Leslie and John B. Leslie were placed upon the stand and testified that they did not hear the conversation between Ferguson and R. D. Leslie. Upon this showing, it must be presumed that the jury heeded the admonition of the trial court, when ruling upon the matter, that, if appellants did not hear the statements made by respondent, the jury should give no heed to the statements. If they gave no heed to the self-serving statements of respondent, if such they were, there was, nevertheless, competent testimony before the jury. The testimony of Ferguson could only have been corroborative evidence, and if it was not competent, as the court ruled, and not heeded, there was still competent evidence on which to base recovery.

The other errors claimed by appellants are excessive damages appearing to have been given under pressure of passion and prejudice; error in the assessment of the amount of recovery, the same being too large; and insufficiency of the evidence to justify the verdict and decision. These all depend upon the controverted facts

which went to the jury upon concededly proper instructions under the pleadings.

There being no error, the judgment is affirmed.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.